NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
*In re*:                                                      Case No. 19-11228 (JLG)
                                                              Chapter 7
Luisa Marcano,

                              Debtor.
----------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER CONFIRMING THAT THE AUTOMATIC STAY DID NOT GO INTO EFFECT ON THE PETITION DATE AND GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY**

**A P P E A R A N C E S**:

FRIEDMAN VARTOLO LLP
85 Broad Street, Suite 501
New York, New York 10004
*Counsel to Fay Servicing, LLC*

**HON. JAMES L. GARRITY, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Introduction

Luisa Marcano, the chapter 7 debtor herein (the "Debtor"), is a serial bankruptcy filer who commenced each of her four bankruptcy cases on the day of a scheduled foreclosure sale of certain real property located at 320 Harding Park Ave., Bronx, NY 10473 (the "Premises"). Fay Servicing, LLC as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 ("Fay Servicing"), is a secured creditor of the Debtor with a mortgage lien on the Premises. Its efforts to conduct the foreclosure sale of the Premises were frustrated by each of the Debtor's bankruptcy filings, because upon the commencement of each case, it was automatically stayed, under section 362(a) of the Bankruptcy Code, from conducting such a sale. The Court dismissed each of the Debtor's prior bankruptcy cases due to her failure to prosecute them. The United States Trustee (the "U.S. Trustee") has moved to dismiss this case based upon the Debtor's failure to prosecute it.

The matter before the Court is Fay Servicing's motion for an order: (a) pursuant to section 362(c)(4)(A) of the Bankruptcy Code confirming that the automatic stay under section 362(a) of the Bankruptcy Code did not take effect upon the commencement of this case because the debtor had two bankruptcy cases pending within the previous year which were dismissed; and (b) granting *in rem* stay relief with respect to the Premises pursuant to section 362(d)(4) of the Bankruptcy Code. *See Motion to Confirm Absence of Stay and for In Rem Relief from*

*Automatic Stay* [ECF No. 10] (the "Motion").[1] Neither the Debtor nor any other party in interest responded to the Motion. For the reasons set forth herein, the Court grants the Motion.

## Jurisdiction

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (G).

## Facts

### A. Background

Fay Servicing is the holder of a note dated October 11, 2004 (the "Note"), executed by the Debtor and David Negron (with the Debtor, the "Borrowers")[2] in the original principal amount of $465,000.00, that is secured by a mortgage (the "Mortgage") on the Premises. Motion ¶ 3.[3] The Borrowers defaulted under the Note and Mortgage, and, sometime in 2016 or early 2017, Fay Servicing sued the Borrowers in the Supreme Court of the State of New York, County of Bronx (the "State Court") to foreclose on the Mortgage. *Id*. ¶ 5. On or about March 6, 2017, the State Court awarded Fay Servicing a Judgment of Foreclosure and Sale. *Id.* Ex. E.

Fay Servicing scheduled a foreclosure sale of the Premises for May 22, 2017. *Id.* On that day, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in this Court. *See Voluntary Petition for Individuals Filing for Bankruptcy* [ECF No. 1 (Case No. 17-11394)] (the "First Case"). Fay Servicing cancelled the sale. The Debtor failed to file

---

[1] Citations to "ECF No. ____" refer to entries on the electronic docket in this case, No. 19-11228. References to entries on the electronic docket in other bankruptcy cases filed by the Debtor will be to "ECF No.__ (Case No. ____)."

[2] David Negron is not a debtor herein.

[3] Fay Servicing is the assignee of the Note and Mortgage, which was originally owned by Ameriquest Mortgage Company. *See* Motion Ex. A. It established its standing to bring this Motion.

2

bankruptcy schedules required by section 521(a)(1) of the Bankruptcy Code, and by order dated September 5, 2017, the Court (Morris, J.) automatically dismissed the case. *See Order Dismissing Case Pursuant To 11 U.S.C. § 521(i)(1)* [ECF No. 16 (Case No. 17-11394)].

Fay Servicing rescheduled the foreclosure sale for April 30, 2018. Motion ¶ 7. On that day, the Debtor filed her second voluntary petition for relief under chapter 13 of the Bankruptcy Code. *See Voluntary Petition for Individuals Filing for Bankruptcy* [ECF No.1 (Case No. 18-11237)] (the "Second Case"). Fay Servicing cancelled the sale. The Debtor failed to prosecute the case, and on August 31, 2018, the Court (Morris, J.) granted the chapter 13 trustee's unopposed motion to dismiss the case pursuant to sections 1307(c)(1), (c)(3) and (c)(4), and sections 521(i) and 521(e) of the Bankruptcy Code. *See Order Dismissing Case* [ECF No. 19 (Case No. 18-11237)].

Fay Servicing rescheduled the foreclosure sale for December 10, 2018. Motion ¶ 9. On that day, the Debtor filed her third voluntary petition for relief under chapter 13 of the Bankruptcy Code. *See Voluntary Petition for Individuals Filing for Bankruptcy* [ECF No. 1 (Case No. 18-13982)] (the "Third Case"). Once again, Fay Servicing cancelled the sale. The Debtor failed to prosecute the case, and on February 15, 2019, the Court (Morris, J.) granted the chapter 13 trustee's unopposed motion to dismiss the case pursuant to sections 1307(c)(1), (c)(3) and (c)(4), and sections 521(i) and 521(e) of the Bankruptcy Code. *See Order Dismissing Case* [ECF No. 12 (Case No. 18-13982)].

Fay Servicing rescheduled the foreclosure sale for April 22, 2019. Motion ¶ 11. On that day (the "Petition Date"), the Debtor commenced this case by filing a barebones petition for relief under chapter 7 of the Bankruptcy Code. *See Voluntary Petition for Individuals Filing for Bankruptcy* [ECF No. 1] (the "Chapter 7 Case"). Fay Servicing cancelled the foreclosure sale.

3

On the Petition Date, the Court issued a deficiency notice to the Debtor based upon the Debtor's failure to file: (i) bankruptcy schedules and a declaration relating to the schedules; (ii) a certificate of credit counseling; (iii) a statement of current monthly income; (iv) a statement of intention; (v) a statement of financial affairs; and (vii) a summary of assets and liabilities. *See* Deficiency Notice [ECF No. 3]. The Debtor has not responded to the notice. The section 341(a) meeting of creditors was scheduled to be held on May 30, 2019. *See* ECF No. 4. The Debtor failed to appear at the meeting. The U.S. Trustee has filed a motion to dismiss this case. *See* Chapter 7 Trustee's Motion to Dismiss Chapter 7 Case [ECF No. 11].

B.   Fay Servicing's Motion

In support of its motion, Fay Servicing argues that it is entitled to a determination pursuant to section 362(c)(4)(A) of the Bankruptcy Code that the automatic stay did not take effect on the Petition Date because the Debtor's Second and Third Cases were pending within the year prior to the Petition Date, and both were dismissed. *See* Motion ¶ 16. Fay Servicing also contends that it is entitled to *in rem* stay relief pursuant to section 362(d)(4)(B) of the Bankruptcy Code because the Debtor has failed to prosecute any of her bankruptcy cases and her bankruptcy filings have been part of a scheme to hinder and delay it from selling the Premises at a foreclosure sale. *Id.* ¶¶ 18-20. The Court considers those arguments below.

## Discussion

A.  Section 362(c)(4)

Section 362(a) of the Bankruptcy Code provides, as relevant here, that the filing of a bankruptcy petition triggers an automatic stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). By its plain language, that section bars Fay Servicing from proceeding with

4

the foreclosure sale. However, Fay Servicing correctly contends that, pursuant to section 362(c)(4)(A) of the Bankruptcy Code, the automatic stay did not take effect on the Petition Date because the Debtor had two bankruptcy cases dismissed within the year preceding the Petition Date. Under that section,

> (i) [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect[.]

11 U.S.C. § 362(c)(4)(A). By application of this section, "if a debtor files a petition, but had two cases pending within the preceding year, both of which were dismissed, the debtor does not receive an automatic stay upon filing the new, third petition." *In re O'Farrill*, 569 B.R. 586, 590 (Bankr. S.D.N.Y. 2017).[4]

The Debtor filed the Second Case, a chapter 13 case, on April 30, 2018, and Judge Morris dismissed it on August 31, 2018. The Debtor filed the Third Case, another chapter 13 case, on December 18, 2018, and Judge Morris dismissed it on February 15, 2019. The Debtor filed the Chapter 7 Case on April 22, 2019. Both the Second and Third Cases were pending within the year preceding the Petition Date, and both were dismissed. Accordingly, pursuant to section 362(c)(4)(A)(i), the automatic stay "shall not go into effect upon the filing of the [Chapter 7

---

4  Section 362(c)(4)(B) provides an exception to that rule. It states, as follows:

> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

11 U.S.C. § 362(c)(4)(B). That provision has no application to this case.

Petition]" because the Chapter 7 Case is a single case filed by the Debtor, and two single chapter 13 cases of the Debtor were pending within the previous year but were dismissed. *See* 11 U.S.C. § 362(c)(4)(A)(i). *See also In re O'Farrill*, 569 B.R. at 591-92 (granting relief under section 362(c)(4) where, within one year of the filing of debtor's chapter 7 case, debtor had chapter 7 and chapter 13 cases pending and both were dismissed); *In re Parker*, 336 B.R. 678, 680 (Bankr. S.D.N.Y. 2006) (holding that the automatic stay did not go into effect upon the commencement of the debtor's fourth chapter 13 case, where two of debtor's chapter 13 cases were pending and dismissed within the year preceding the filing of the fourth case); *In re Haisley*, 350 B.R. 48, 51 (Bankr. E.D. La. 2006) (holding that upon the commencement of the joint chapter 13 case of married debtors, the automatic stay did not go into effect as to the debtor-husband, who had been a debtor in two prior chapter 13 cases which were pending and dismissed within the year preceding the petition date, but did go into effect as to the debtor-wife, who had no prior cases pending within one year of the commencement of the joint case).

B.   Section 362(d)(4)

A creditor, like Fay Servicing, whose debt is secured by a lien on residential real property, may move under section 362(d) for prospective stay relief. Section 362(d)(4) states, as follows:

> (d) On request of a party interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> \*   \*   \*   \*   \*   \*
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of a petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

6

> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> > (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

11 U.S.C. § 362(d)(4). By application of section 362(b)(20), if a movant obtains relief under this section, the automatic stay will not apply to the real property at issue in future bankruptcy filings for a two-year period.[5]

The purpose of section 362(d)(4) "is to prevent repeated bankruptcy filings by persons or entities claiming an interest in real property from frustrating the secured creditor's attempted exercise of rights under state law." *In re Giambrone*, No. 19-40157, 2019 WL 1977321, at * 5 (Bankr. E.D.N.Y. May 2, 2019). Accordingly, in seeking relief under this section, Fay Servicing is seeking "specific prospective protection, not only against the [D]ebtor but also binding every non-debtor, co-owner and subsequent owner of the [Premises]." *In re Abdul Muhaimin*, 343

---

[5] Section 362(b)(20) provides that:

> (b) The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay-
>
> > (20) under [section 362(a)] of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing[.]

11 U.S.C. § 362(b)(20).

7

B.R. 159, 169 (Bankr. D. Md. 2006). If granted, relief under section 362(d)(4) "nullif[ies] the ability of the Debtor and any other third party with an interest in the [Premises] to obtain the benefits provided by the automatic stay in future bankruptcy cases for a period of two years." *Id.*; *see also In re Montalvo,* 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009) (noting that, pursuant to section 362(d)(4), "the Court can grant *in rem* relief from the stay as to [a secured creditor's] interest in the Property, such that any and all future filings by any person or entity with an interest in the Property will not operate as an automatic stay against the owner and its successors and/or assigns for a period of two years after the date of the entry of the order.").

To obtain stay relief under section 362(d)(4), Fay Servicing must prove that (i) the Debtor engaged in a scheme, (ii) the object of the scheme is to "delay, hinder or defraud" Fay Servicing; and (iii) the scheme involved either the transfer of property without Fay Servicing's consent or court approval, or multiple filings affecting the Premises. *See* 11 U.S.C. § 362(d)(4);[6] *see also In re McKenzie*, No. 19-10130, 2019 WL 1750910, at *2 (Bankr. S.D.N.Y. March 25, 2019) ("Under § 362(d)(4), a creditor must prove that (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings." (quoting *In re Lee*, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012))); *In re Abdul Muhaimin*, 343 B.R. at 169 (stating that, for section 362(d)(4) relief to be granted, "the court must find that the [d]ebtor's filing of her or his bankruptcy petition was part of a plan or program of action to postpone and to get in the way of and to defraud creditors, that was connected to or included more than one or numerous bankruptcy filings that affected the subject property."). A creditor moving for stay relief pursuant to section 362(d)(4) "'bears the initial burden to establish a *prima facie* case as to all the

---

[6] The Bankruptcy Technical Corrections Act of 2010 amended section 362(d)(4) by replacing the phrase "hinder, delay *and* defraud" (emphasis added) with the phrase "hinder, delay *or* defraud" (emphasis added). *See* Bankr. Technical Corrections Act (2010), 2011 No. 2 Norton Bankr. L. Adviser 2.

8

elements.'" *In re Lee,* 467 B.R. at 920 (quoting *In re Poissant*, 405 B.R. 267, 273 (Bankr. N.D. Ohio 2009)). That burden is substantial -- especially in light of the drastic relief available to a creditor under section 362(d)(4). *See In re O'Farrill*, 569 B.R. at 591 ("[I]t is not easy to successfully move for relief from the automatic stay under 11 U.S.C. §362(d)(4). '[T]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors ....' 3 Collier on Bankruptcy ¶ 362.05[19][a]. Collier notes that requiring a high standard on motions under section 362(d)(4) is consistent with the statute's extreme remedy, which halts the automatic stay from applying to the real property in bankruptcy filings for two years. *Id.*").

The Court did not conduct an evidentiary hearing on Fay Servicing's request for relief under section 362(d)(4)(B), and it was not required to do so. It is settled that this Court "may infer an intent to hinder, delay and defraud creditors from the fact of the serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (quoting *In re Blair*, No. 09-76150, 2009 WL 5203738 (Bankr. E.D.N.Y. Dec. 21, 2009)). Factors that are important to such a determination include the timing and sequence of the bankruptcy filings, and the extent of the debtor's efforts to prosecute the case. *See In re Montalvo,* 416 B.R. at 385-86; *In re Richmond,* 516 B.R. 229, 235 (Bankr. E.D.N.Y. 2104). Thus, "[w]hen debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead engaged in serial filings to thwart the efforts of secured creditors exercising their rights under state law, courts have found that these serial filings are evidence of bad faith and abuse of the bankruptcy process." *In re McKenzie*, 2019 WL 1750910, at *3 (citation omitted).

The Debtor has filed a total of four bankruptcies, each of which was strategically filed on the day of Fay Servicing's scheduled foreclosure sale. The Debtor has not made a good faith

effort to prosecute any of her cases. As discussed above, the Court automatically dismissed the First Case based upon the Debtor's failure to file schedules in accordance with section 521(a)(1)(B)(i) & (ii) of the Bankruptcy Code. The Court dismissed the Second and Third Cases on the unopposed motions of the chapter 13 trustee pursuant to sections 1307(c)(1), (c)(3) and (c)(4), and sections 521(i) and 521(e) of the Bankruptcy Code, and based on the Debtor's failure to prosecute those cases.

In this Chapter 7 Case, the Debtor failed to file: (i) bankruptcy schedules and a declaration relating to the schedules; (ii) a certificate of credit counseling; (iii) a statement of current monthly income; (iv) a statement of intention; (v) a statement of financial affairs; and (vii) a summary of assets and liabilities. Moreover, the Debtor failed to appear at the section 341(a) meeting of creditors. The U.S. Trustee's motion to dismiss this case is pending. The Debtor has plainly timed the filing of her bankruptcy cases to further her scheme to delay Fay Servicing from conducting a foreclosure sale of the Premises. Fay Servicing is entitled to relief under section 362(d)(4)(B). *See In re McKenzie*, 2019 WL 1750910, at *4 (*in rem* relief warranted where debtor filed four bankruptcies, three of which were "strategically timed days before the foreclosure sale of the [p]roperty"); *In re O'Farrill*, 569 B.R. at 592 (*in rem* relief warranted where debtor had "two prior bankruptcy filings pending within the preceding year, both of which involved the subject [p]roperty, and both of which were dismissed due to the [d]ebtor's failure to attend creditor meetings and/or file the requisite schedules"); *In re Richmond*, 516 B.R. at 234 (filings of debtor's case and that of company of which debtor was sole shareholder were timed to stop foreclosure sale, and therefore court determined that debtor's case was part of a scheme to delay, hinder, or defraud creditors); *In re GEL, LLC*, 495 B.R. 240, 249 (Bankr. E.D.N.Y. 2012) (relief under section 362(d)(4)(B) appropriate where debtors filed

10

successive chapter 11 petitions in two judicial districts, which prevented creditor from executing foreclosure judgment, no plan had been filed, and no plan could be confirmed as a matter of law).

<u>Conclusion</u>

The Motion is granted. The Debtor had two cases pending within the year preceding the filing of this Chapter 7 Case, and both were dismissed. As such, pursuant to section 362(c)(4)(A)(i) of the Bankruptcy Code, the automatic stay did not go into effect on the Petition Date. Moreover, the Debtor filed this Chapter 7 Case as part of a scheme to hinder, delay or defraud its creditors. Pursuant to section 362(d)(4)(B), the Court grants Fay Servicing *in rem* relief permitting it to conduct a foreclosure sale of the Premises despite any further bankruptcy filings, assuming that Fay Servicing complies with the recording requirements of State law governing recording of notices of interests or liens on real property.

IT IS SO ORDERED.

Dated: New York, New York
    June 24, 2019

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge

11